UNITED STATES, Appellee,

v.

Specialist Four Jose CRUZ, Junior, SSN 580–16–6054, United States Army, Appellant.

CM 442742.

U.S. Army Court of Military Review.

7 Oct. 1983.

Paul A. Kiefer, Esquire, argued the cause for the appellant. With him on the brief were Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Patrick F. Crow, JAGC, Captain John D. Martin, JAGC, and Captain Guy J. Ferrante, JAGC.

Captain Richard G. Mann, Jr., JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Major Thomas M. Curtis, JAGC, and Captain Thomas E. Booth, JAGC.

Before MOUNTS, COHEN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MOUNTS, Senior Judge:

The appellant was convicted of premeditated murder, assault with intent to inflict grievous bodily harm, and assault by a means likely to produce grievous bodily harm, in violation of Articles 118 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 918 and 928 (1976). He was sentenced to a dishonorable discharge, life imprisonment and total forfeitures. The convening authority approved the sentence.

The child victim was born in September 1980. The mother, Specialist Four (SP4) Iris Perez, lived with the appellant and the child in an apartment near Giessen, Germany. The appellant was not married to SP4 Perez and was not the father of the child.

A neighbor saw SP4 Perez leave her apartment at 0730 hours on 20 December 1980. About an hour later the neighbor heard a wailing cry. The crying continued and the neighbor went to investigate. The appellant explained that the child had hit his head on the sink as he was bathing the child. The neighbor noticed a swelling on the child's head and called an ambulance. A medical examination revealed a fractured skull. The pediatrician who examined the child testified that it was not possible for the fracture to have occurred as explained by the appellant. The doctor stated that the fracture was caused by some object

hitting the head, not the head hitting an object.

On 2 January 1981 the child was again admitted to the hospital with bruises on his back, three broken ribs, and a bruise on his face. The appellant claimed that he injured the child by accidentally rolling over the baby while they slept in the same bed. However, the pediatrician testified that the injuries were caused by sharp blows. An investigation was conducted after the child's second hospitalization; the appellant stated to the investigators that the child's injuries resulted from accidents that occurred while they were alone.

The child was placed in a foster home but was subsequently released to the mother in early March 1981. The appellant was apparently still residing with SP4 Perez. On 16 March 1981, at approximately 0445 hours, while the mother was away on duty, the appellant knocked on a neighbor's door. The appellant was screaming and crying. The neighbor went downstairs to the Perez apartment and discovered the child on the floor. The child was not moving. The appellant then apparently attempted to revive the child through mouth-to-mouth resuscitation and heart massage but the child was dead. Photographs of the child, which were admitted as prosecution exhibits, revealed that bruises covered the child's chest, back, neck and abdomen. An autopsy performed by a forensic pathologist disclosed that the bruises were probably inflicted about two hours before death and that none were inflicted after death. One-half hour before his death, the child was beaten so viciously that he suffered deep tears of his liver and severe head injuries. The internal bleeding in the child's skull and abdomen, the result of these injuries, was the primary cause of death.

The appellant contends that the evidence is insufficient to establish either premeditation or that he committed the two earlier assaults; that he was prejudiced because the murder specification alleged that he killed the child by beating and strangling him when the evidence did not indicate that the child had been strangled; and that he was prejudiced by the military judge's instructions that the members could find the appellant guilty of having killed the child by strangling him when there was no evidence of strangulation. We disagree.

The appellant initially contends that the evidence does not establish premeditation. "Premeditated murder is murder committed after the formation of a specific intent to kill someone and consideration of the act intended. It is not necessary that the intention to kill shall have been entertained for any particular or considerable length of time." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 197*b*. The existence of premeditation may be inferred from the circumstances surrounding the killing, including the viciousness of the assault. *United States v. Teeter,* 16 M.J. 68, 71 (C.M.A.1983); *United States v. Ayers,* 14 U.S.C.M.A. 336, 34 C.M.R. 116 (1964). In this case the circumstances surrounding the killing and the viciousness of the assault prove premeditation beyond a reasonable doubt. The pathologist testified that extremely forceful blows caused the death of the child. The number and nature of the bruises which covered the child's body revealed that he was struck repeatedly and over a period of two hours. It is difficult to conceive of an assault more vicious than the one inflicted upon this young, helpless child.* The assignment of error is without merit.

The appellant further contends that there is insufficient evidence to find him guilty of the two assault offenses. We disagree. The appellant admitted that the child incurred the injuries while they were alone together. The appellant's explanations of how the injuries occurred were dismissed as impossible by expert witnesses.

---

* The appellant also asserts that the members were improperly allowed to infer from the earlier assaults he committed on the child that he murdered the child with premeditation. We disagree. Mil.R.Evid. 404(b). Moreover, the remaining evidence leads to the inescapable conclusion that the appellant fully intended the results which he achieved.

We are completely satisfied of the appellant's guilt.

 Appellant also contends that the evidence does not establish that the child was strangled and that the military judge erred in so instructing. Again, we disagree. The specification alleges that the appellant killed the child by beating and strangling him. There is overwhelming evidence that the child was killed by being beaten. There is some evidence that the child was also strangled, i.e., the bruises on the child's neck. The military judge, who heard and weighed the evidence, determined that there was sufficient evidence to allow the panel members to decide the issue of the cause of death as both beating and strangling and so instructed the court members, who resolved the issue against the appellant. We note that the trial defense counsel did not raise this objection at the trial. We also find that there is sufficient evidence to find the appellant guilty of both beating and strangling the child to death and that the military judge's instructions were correct.

The findings of guilty and the sentence are affirmed.

Judge COHEN and Judge WERNER concur.